IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 20, 2019 Session

**STATE OF TENNESSEE v. BRANDON E. BANKS**

**Appeal from the Criminal Court for Davidson County**
**No. 2015-C-1517      Monte Watkins, Senior Judge**

———————

**No. M2018-00264-CCA-R3-CD**

———————

NORMA MCGEE OGLE, J., concurring in part and dissenting in part.

I join the majority in affirming the defendant's convictions of aggravated rape and aggravated sexual battery. But I write separately to dissent from the majority's conclusions that Detective Gish was qualified to describe and give his opinion regarding what the videos and images appeared to show and that the defendant waived his claim regarding Detective Mayo's "editorial commentary."

First, the majority concludes that Detective Gish was qualified to describe what the videos and images appeared to show pursuant to Tennessee Rule of Evidence 702, which provides that "[i]f scientific, technical, or other specialized knowledge will substantially assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise." However, Detective Gish testified as an expert "in computer forensics analysis, mobile device analysis, as well as the analysis of those digital images and criminal investigations." In other words, he testified as an expert in how he was able to obtain videos and images from electronic devices. Such expertise did not make him qualified to testify about sexual acts that appeared to be depicted in those videos and images of which he had no personal knowledge.

The majority also concludes that "absent his qualifications as an expert," Detective Gish's testimony was admissible as lay opinion testimony pursuant to Tennessee Rule of Evidence 701, which provides that a lay witnesses may give testimony in the form of an opinion when the testimony is "(1) rationally based on the perception of the witness and (2) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue." As our supreme court has explained, though, "admission of lay opinion

testimony is limited to those situations wherein the jury could not readily draw its own conclusions on the ultimate issue, without the aid of the witness's opinion testimony." State v. Schiefelbein, 230 S.W.3d 88, 130 (Tenn. Crim. App. 2007). Moreover, "lay opinion testimony may be improper where the witness giving the lay opinion effectively usurps the function of the jury." State v. Mattie Florence Sweeney, No. M2016-02372-CCA-R3-CD, 2018 WL 1559973, at *8 (Tenn. Crim. App. at Nashville, Mar. 29, 2018), perm. app. denied, (Tenn. July 18, 2018). Therefore, I would hold that his testimony also was inadmissible under Rule 701.

Finally, the majority concludes that the defendant waived a similar issue with regard to Detective Mayo because the defendant failed to object to the detective's "editorial commentary." However, before trial, the defendant filed a motion in limine to prohibit the State from "allowing any of their witnesses to provide any type of interpretation regarding the videos and/or photographic images it intends to introduce in this matter." (Emphasis added.) Additionally, during a hearing on the motion, defense counsel argued as follows:

> I don't think that there's a problem with the detective testifying that this is a particular person at a particular location. Okay. Because I think that's something that pretty much we can stipulate to. What my objection goes to is him testifying what does it appear that person is doing. . . . So, just so we're clear, you know, Mayo or Gish or whoever or the Vanderbilt security guy, could all testify that this is, you know, the four defendants walking into the dorm, and this is the first floor of the dorm. Now, what they're doing while they're walking into the dorm, that should be the end of it. Because their conduct is what I'm objecting to anybody commenting on.

(Emphasis added.) Therefore, I disagree with the majority's conclusion that the defendant waived the issue. In any event, unlike Detective Gish, Detective Mayo did not describe what appeared to be depicted in any videos or images that were obtained from electronic devices. Therefore, there was no error as to his testimony.

In sum, I would conclude that the trial court erred by allowing Detective Gish to testify about what was depicted in the videos and images because he was not qualified to do so pursuant to Tennessee Rule of Evidence 701 or 702. Nevertheless, given the overwhelming evidence against the defendant, I have no hesitation in concluding that the trial court's error was harmless.

_____
NORMA MCGEE OGLE, JUDGE